G-holsok, J.
The counsel for the plaintiff present the case to us, as one turning upon the proper construction of the will of Peter Kuder, and say : “ The question is, what interest ■did Mrs. Kuder take under this will? Was it a naked life estate, or was it an absolute fee ? Or, if the question does not resolve itself into one or the other of these simple propositions, was it an estate for the life of Mrs. Kuder, coupled with a power of disposition in fee ? or a life estate in her, coupled with a power of disposition only co-equal with the interest or estate thus devised ? ”
We do not think it necessary to determine which of these different views is correct, or to say whether the estate of Mrs. Kuder was a.life estate or a fee. We are satisfied it was not a naked life estate, and it may not have been an absolute fee. The power of selling and conveying seems to us inconsistent with the idea that it was a naked life estate, and unless the fee was disposed of by a sale and conveyance in the lifetime of Mrs. Kuder, we think it might be fairly claimed, that it would devolve upon the heirs of the testator.
The testator, in one clause of his will, devises all his property, real or personal, which may remain after the payment of his debts, to his wife, with full power to have and to hold, to sell and convey the same, during her natural life. In the next clause he gives a legacy of $100, to be paid after the death of his wife, out of any.moneys or effects of his estate that may then remain. We think that by the first clause the wife is to have power to sell and convey the property, and not a mere life estate in that property. The first object of the bounty of the testator was his wife, and should she require it during her life, his whole estate, after the payment of debts, was placed at her disposition, not merely to have and to hold, but to sell and convey. The nature of the property may have been such, that the only beneficial use would arise from a sale and conveyance. The payment of the legacy is postponed until the death of his wife, and is then conditional. It is to be paid out of any moneys or effects of his *281 ■estate that may then remain. If the wants of the wife, dur ing her life, exhausted the property, the payment of the legacy could not be made. If there remained, at the death of the wife, any money or effects devised under the will, a trust would attach to them for the payment of the legacy. This view, we think, gives effect to each clause of the will, and shows that Mrs. Kuder had power, during her life, to sell and convey the land, not merely for her life, hut in fee.
Such being our construction of the will, a further question is presented. It is claimed that the power to dispose of the property was not properly executed by the deed under which the defendant derives title.
Some of the rules as to the execution of a power are certainly strict. It is admitted to be a question of intention, but then, it is said, that the rules by which the intention is 'to be ascertained are settled and fixed. It is said that “ to execute a power, there must be a direct reference to it, or a •clear reference to the subject, or something upon the face of the will, or, independent of it, some circumstance which shows the testator could not have made that disposition without having intended to comprehend the subject of his power.” Sales v. Margerum, 3 Vesey, 299, 301; Andrews v. Emmot, 2 Bro. C. C. 297. “ In no instance has a power or authority been considered as executed unless by some reference to the power or authority, or to the property which was the subject of it, or unless the provision made by the person entrusted with the power, would have been ineffectual — would have nothing to operate upon, except it were considered as an execution of such power or authority.” Denn & Nowell v. Roake, 6 Bingh. 475, 478; Roe & Caldecott v. Johnson, 7 M. & G. 1047, 1059. “If the act can be good in no other way than by virtue of the power, and some part of the will would otherwise be inoperative, and no other intention than that of executing the power can be properly imputed to the testator, the act, or will, shall be deemed an execution of the power, though there be no reference to the power.” Bradish v. Gibbs, 3 Johns. Ch. 523, 551 Andrews v. Brumfield, 32 Miss. 107-116.
*282 Applying the strictest of these rules, the power in this case may be regarded as well executed. We have no reference to the power, but we have a “ reference to the property which was the subject of it; ” and the terms of the deed can not be satisfied, as a consequence of the fee in that property, unless it be considered an execution of the power. This is shown by the circumstances — the property is referred to and described; it was the real estate of the testator, which by his will passed into the possession and under the control and power of his wife, who during her life makes this deed, describing that property, and undertaking to convey it in fee-simple. This act of hers must be operative under the power, or fail altogether; and she must therefore have intended to execute the power.
In any view of the rules on the subject, we think the deed may be properly regarded a sufficient execution of the power. We think no instance can be found where the property which is the subject of the power is distinctly described and referred-to, and the disposition made of the property would fail, unless considered as made under the power, and there is no other objection to the mode of the disposition except the want of express reference to the power, that the execution of the power has been held to be invalid. The defendant thus having the title to the property, the plaintiff is not entitled to recover, and the judgment must be affirmed.

Judgment affirmed.

Brinkerhoff, C.J., and Scott, Sutliff and Peck, JJ., concurred.